**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

NICHOLAS RYAN DE PALO,

                Plaintiff,

-vs-                                      Case No.  6:12-cv-204-Orl-31KRS

COUNTRYSIDE STATION LIMITED
LIABILITY COMPANY, et al,

                Defendants.

_____

# ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. 17) filed by Defendant Countryside Station LLC ("Countryside") and the response (Doc. 22) filed by the Plaintiff, Nicholas de Palo ("de Palo").

## I.      Background

According to the allegations of the Complaint (Doc. 1), the Plaintiff is a resident of Miami-Dade County and is disabled as defined by the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*  (Doc. 1 at 2).  As for Countryside, there is little information to be gained from the Complaint.  As set forth in that document, the "Defendant transacts business in the State of Florida and within this judicial district" and "is the owner, lessee, lessor and/or operator of the real property and improvements which are the subject of this action, commonly referred to as COUNTRYWIDE SHOPPING CENTER."  (Doc. 1 at 3) (emphasis in original).   The

"Defendant" is referred to in the singular even though the Plaintiff sued a total of eight entities.[1]

No further information is provided in the Complaint as to any of them.  As pled, it is impossible to

tell whether Countryside acts as owner, lessee, lessor or operator, or whether some combination of

the other defendants do so.

By way of the instant motion, Countryside seeks dismissal on the grounds that the Plaintiff

lacks standing to pursue the ADA claims raised in the Complaint.

## II.    Standards

### A.    Pleadings

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim

showing that the pleader is entitled to relief," so as to give the defendant fair notice of what the

claim is and the grounds upon which it rests, *Conley v. Gibson*, 35 U.S. 41, 47, 78 S.Ct. 99, 2

L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544,

127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

The plaintiff must provide enough factual allegations to raise a right to relief above the

speculative level,  *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1966, and to indicate the presence of the

required elements, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir.2007).  Conclusory

allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not

prevent dismissal.  *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

---

[1]In addition to Countryside, de Palo sued C & H Pizza, LLC, Debbie's Health Foods, Inc., Factory Card Outlet of America, Ltd., Inc., Big Lots Stores, Inc., Yoo Corporation, Down South Philly Grille, Inc., and L'Mour Nail & Spa, LLC.  (Doc. 1 at 1).

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. at 1949 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the plaintiff is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

**B.    Standing**

Article III of the United States Constitution limits the power of federal courts to adjudicating actual "cases" and "controversies." U.S. Const. art. III, § 2, cl. 1. The most significant case-or-controversy doctrine is the requirement of standing. *See Georgia State Conference of NAACP Branches v. Cox*, 183 F.3d 1259, 1262 (11th Cir.1999). The party who invokes federal jurisdiction must establish that it has standing to assert its claim. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). To establish standing, a party must "demonstrate that he has suffered 'injury in fact,' that the injury is 'fairly traceable' to the actions of the defendant, and that the injury will likely be redressed by a favorable decision." *See Bennett v. Spear*, 520 U.S. 154, 162, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997) (internal quotation marks and citations omitted).

### III.     Analysis

The extreme generality of the complaint makes it impossible to say that the Petitioner has made factual averments sufficient if true to demonstrate standing.  *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 102 S.Ct. 1114 (1982).  In addition to failing to provide even the most rudimentary information about his eight-headed "Defendant," the Plaintiff fails to include such information as when he visited the shopping center, which areas he investigated while there, or which barriers to access he encountered.  The Complaint does include a list of 19 "unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of Plaintiff's disability) to access the Facility[2] and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility" (Doc. 1 at 6-8).  However, the listed items are entirely generic.  For example, the second item on the list reads, in its entirety, "There are non-compliant curb ramps that service the disabled parking spaces, in violation of 4.7 and 4.8 of the ADAAG."  (Doc. 1 at 6).  The seventeenth item on the list reads, in its entirety, "There are bar counters throughout the various tenant spaces where customer service and/or transactions occur that are inaccessible in violation of various sections of the ADAAG, including 7.2 of the ADAAG".  (Doc. 1 at 8).  All of the other items on the list are equally vague, incapable of being traced to the actions of any defendant.

Moreover, a review of the Court's CM/ECF system reveals that the Plaintiff has filed 16 of these suits in the Middle District of Florida, beginning in September of last year.  He often sues multiple defendants.  And he includes the same 19-item list of "unlawful physical barriers,

---

[2]The term "Facility" is not defined in the Complaint.

dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of Plaintiff's disability) to access the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility" in each complaint he files.  Either the Plaintiff has happened upon 40 or so unrelated businesses scattered across the Middle District of Florida that are violating the ADA in 19 identical ways, and no others – which seems unlikely, to put it mildly – or the Plaintiff has a generic list of violations that he plops down in every case whether it applies or not.[3]

The generality of his cut-and-paste list prevents the Plaintiff from using it to establish that he has suffered the required injury-in-fact.  In addition, the allegations of the Complaint are so vague that none of the alleged violations could be traced to the actions of this Defendant, or any other.  And the Plaintiff offers nothing else to carry his burden of establishing that he possesses standing to pursue these claims.  Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 17) is **GRANTED**, and the Complaint is **DISMISSED FOR LACK OF STANDING**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 12, 2012.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

---

[3]The Court notes that, per Rule 11, every lawyer signing a pleading certifies that the factual contentions contained therein "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed.R.Civ.P. 11(b)(3). None of the contentions included in the 19-item list was identified as requiring further investigation or discovery.

Counsel of Record
Unrepresented Party